**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

PETER LACY, KAREN POPP, and
ELLEN HOWE, individually and as
Executors of the Estate of Jean
M. Lacy,

           Plaintiffs,

      v.

JEFF WAYNE WALLACE; FLOJO
TRUCKING, INC., and PLANT
IMPROVEMENT COMPANY, INC.,
d/b/a SEABOARD CONSTRUCTION
COMPANY,

           Defendants.

CIVIL ACTION NO.: CV211-067

## ORDER

Plaintiffs and Defendants filed their Joint Submission in response to the March 13, 2012, Order instructing them to confer in a good faith effort to resolve objections to exhibits. The parties were unable to agree on the admissibility of two exhibits.

**1. Plaintiffs' objections to Defendants' Exhibit Number 1**

Defendants' Exhibit Number 1 is a portion of a logbook maintained by Defendant Plant Improvement Company, Inc. ("Plant Improvement"). The logbook, which relates to Plant Improvement's job named "CALL ORDER #5 McINTOSH I-95", contains dated

notes written by employees chronicling their work on the job. Plaintiffs object to this exhibit as inadmissible hearsay.

Plaintiffs anticipated that Defendants would offer the logbook under Federal Rule of Evidence 803(6) which is known as the "business record exception" to the general rule against admitting hearsay. Under that exception, the general rule against hearsay does not exclude

> (6) *Records of a Regularly Conducted Activity.* A record of an act, event, condition, opinion, or diagnosis if:
>
>> (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;
>>
>> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>>
>> (C) making the record was a regular practice of that activity;
>>
>> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
>>
>> (E) neither the source of the information nor the method or circumstances of preparation indicate a lack of trustworthiness.

FED. R. EVID. 803(6).

Plaintiffs argue that "[i]t is unclear whether the information set forth in the exhibit came from 'someone with knowledge' as required by Rule [803(6)]." (Doc. No. 33, p. 2). Plaintiffs specifically object to two logbook entries, dated April 23, 2009, that describe the car accident that is the basis of the instant lawsuit. Each of these entries recounts statements of witnesses to the accident; Plaintiffs aver that no foundation has been laid to show that the people who wrote the logbook entries spoke to the witnesses who allegedly made the statements.

AO 72A
(Rev. 8/82)

"A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." Stewart v. Hooters of America, Inc., 2007 WL 1752843 *1 (M.D. Fla. 2007) (citing Luce v. United States, 469 U.S. 38, 41 (1984); Hawthorne Partners v. AT&T Technologies, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)). "Accordingly, if evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context." Id.

Before the logbook is admitted into evidence, Defendants must lay the appropriate foundation.[1] Furthermore, before the witness statements described in two of the logbook entries are admitted into evidence, Defendants must lay the appropriate foundation for hearsay within hearsay. One way to lay the foundation for the witness statements is to have the authors of the logbook entries testify regarding their knowledge of the witness statements. See United States v. Smith, 318 F. App'x 780, 796–97 (11th Cir. 2009) ("Because the nurse does not know for sure who told her the information, Smith could not show that the information contained in the hospital treatment records was 'transmitted by . . . a person with knowledge.' Fed. R. Evid. 803(6). This lack of knowledge, or at least uncertainty, about who transmitted the information contained in the treatment records also deprives the information of trustworthiness.") (alteration in original). Defendants could also lay the foundation for the witness statements by showing that they fall into a different exception to the general hearsay rule. FED. R. EVID. 805 ("Hearsay within hearsay is not excluded by the rule against hearsay if each part of the combined statements conforms with an exception to

---

[1] Defendants correctly note that the authors of the logbook entries do not have to testify in order to lay the foundation for the logbook. Instead, the rule allows the foundation to be laid in any of the manners described in Rule 803(6)(D).

AO 72A
(Rev. 8/82)

the rule."). Regardless of how Defendants choose to lay the foundation for the logbook entries and the double hearsay witness statements contained in two of those entries, they should have an opportunity at trial to do so. Stewart, 2007 WL 1752843 *1.

Plaintiffs also argue that it "appears that the entries at issue may have been made in anticipation of potential litigation so that the method or circumstances of preparation indicate a lack of trustworthiness." (Doc. No. 33, p. 2). Plaintiffs offer no facts in support of this assertion. Therefore, the logbook entries are not "clearly inadmissible" on this ground. Stewart, 2007 WL 1752843 *1.

The admissibility of Defendants' Exhibit Number 1 will be determined at trial. Defendants will have an opportunity at trial to lay the appropriate foundation for the admission of the evidence presented in their Exhibit Number 1. Plaintiffs may offer meritorious objections to the evidence at that time.

## 2. Redaction of the accident report

The parties have submitted a copy of the relevant Uniform Motor Vehicle Accident Report ("the accident report") as a joint exhibit. They disagree on the scope of redactions to the document.

### A. Plaintiffs' objections

Plaintiffs, citing Farmer v. Hyers-Norris, 2008 WL 313949 (S.D. Ga. 2008), object to the admissibility of the narrative portions of the accident report as hearsay.[2] In Farmer, this Court decided that the accident report at issue "may be admitted . . . only if all hearsay statements contained within it have been redacted." Id. at *2. However, the

---

[2] Plaintiffs object to the admissibility of all narrative portions, but then make more specific objections to the investigating officers' conclusions. This portion of the instant Order deals with the narrative portions of the accident report that are not the investigating officers' conclusions, specifically the witness statements.

AO 72A
(Rev. 8/82)

Court did not engage in a discussion of whether the hearsay statements contained within the accident report fell within an exception to the general rule against admitting hearsay.[3]  As stated above, "[h]earsay within hearsay is not excluded by the rule against hearsay if each part of the combined statements conforms with an exception to the rule." FED. R. EVID. 805.  Defendants should have the opportunity at trial to lay the appropriate foundation for the admissibility of the hearsay statements contained within the accident report. Stewart, 2007 WL 1752843 *1.

Plaintiffs also object to the admissibility of the investigating officers' conclusions as to the cause of the accident and the fault of the parties.  The Supreme Court has held "that portions of investigatory reports otherwise admissible under Rule 803(8)(C)[4] are not inadmissible merely because they state a conclusion or opinion.  As long as the conclusion is based on a factual investigation and satisfies the Rule's trustworthiness requirement, it should be admissible along with other portions of the report." Beech Aircraft Corp. v. Rainey, 488 U.S. 153, 170 (1988).  To determine whether an investigatory report, or any portion of an investigatory report, is trustworthy, the court may consider, among other factors, "(1) the timeliness of the investigation; (2) the investigator's skill or experience; (3) whether a hearing was held; and (4) possible bias when reports are prepared with a view to possible litigation[.]" Id. at 168 n.11.

Defendants assert that the accident report in this case was prepared on the day of the accident, that the Plaintiffs have offered no evidence indicating that the Trooper who did the investigation and prepared the report lacked the skill or experience

---

[3] The Court found that the accident report itself was admissible under an exception to the general rule against admitting hearsay.  But the Court did not discuss whether the hearsay statements contained within the accident report were, themselves, admissible under an exception to the hearsay rule.

[4] Federal Rule of Evidence 803(8)(C) referenced here is now Rule 803(8)(A)(iii).

AO 72A
(Rev. 8/82)

necessary, and that the Plaintiffs have offered no evidence suggesting a possible bias with regard to the preparation of the report. Defendants further assert that because accident reports of this nature never involve hearings, that factor is irrelevant. The Court agrees with the Defendants' assertions. Plaintiffs have pointed to one potentially incredible statement contained in the accident report. However, proper examination as a hostile witness or cross-examination of the Trooper who prepared the report is the appropriate method of attacking the credibility of his conclusions. See McDowell v. Brown, 392 F.3d 1289, 1299 (11th Cir. 2004) ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.") (internal punctuation and citations omitted).

Plaintiffs' objections to the narrative portions of the accident report will be determined at trial. Defendants will have an opportunity at trial to lay the appropriate foundation for the admission of the hearsay statements contained in the accident report. Plaintiffs may offer meritorious objections to those statements at that time. Plaintiffs' objections to admissibility of the investigating officers' conclusions contained in the accident report are **DENIED**.

### B. Defendants' objections

Defendants seek to redact any reference to insurance or insurance coverage contained in the accident report. "Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully. But the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control." FED.

AO 72A
(Rev. 8/82)

R. EVID. 411. Defendants' objections to references to insurance or insurance coverage contained in the accident report are **GRANTED**.

**SO ORDERED**, this _____ 7th day of May, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)